**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANITA SWAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WILLIAMS & FUDGE, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1.      Plaintiff Danita Swain brings this action to secure redress from unlawful credit

and collection practices engaged in by defendant Williams & Fudge, Inc. Plaintiff alleges

violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods;

conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading

statements, in connection with the collection of a debt; it also requires debt collectors to give

debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**VENUE AND JURISDICTION**

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28  U.S.C.

§§1331, 1337 and 1367.

4.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within

this District;

b.      Defendant transacts business within this District.

**PARTIES**

5.      Plaintiff Danita Swain is an individual who resides in Richton Park, Illinois.

6.      Defendant Williams & Fudge, Inc., is a South Carolina corporation with its

principal place of business at 300 Chatham Ave, Rock Hill, SC 29730.  It does business in

Illinois.   Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite

814, Chicago, IL 60604.

7.      Defendant Williams & Fudge, Inc., is engaged in the business of a collection

agency, using the mails and telephone system to collect debts allegedly owed to third parties.

8.      Defendant states on its web site, www.wfcorp.com, that "Williams & Fudge was

founded in 1986 and is a family owned business with the purpose of serving the higher education

community.  We aid institutions in the recovery of education-related receivables.  Specific debt

types include Perkins Loans (Cohort management), tuition, campus-based institutional loans,

Health Profession and Nursing Loans, private education (alternative) loans, and other

miscellaneous receivables such as parking, room, board, and library fines. . . ."

9.      Defendant Williams & Fudge, Inc., is a debt collector as defined in the FDCPA.

10.     On information and belief, defendant only collects consumer debts.

11.     Defendant Williams & Fudge, Inc., uses automated dialing equipment.

12.     Defendant Williams & Fudge, Inc., obtained a permit from the state of Texas to

use automated dialing equipment.

## FACTS

13.     Defendant Williams & Fudge, Inc., has been attempting to collect an education

debt from plaintiff.

14.     Any such debt is for personal, family or household purposes.

15.     Defendant Williams & Fudge, Inc., has been placing calls to plaintiff's cell phone

during early 2014.

16.     Plaintiff found calls to her cell phone harassing and, on May 29, 2014, plaintiff

sent a letter by fax to Williams & Fudge, Inc., asking that it cease calling her cell phone.  A copy

of this letter and fax transmission report is attached as Exhibit A.

17.     On November 4, 2014, at about 9:33 a.m., Williams & Fudge, Inc., again called

plaintiff's cell phone (Exhibit B).

18.     The call was placed from 803-326-1378.  A voicemail tree associated with the number states that the caller may be reached by email at wf@wfcorp.com, which address is issued to or used by defendant.

19.     At no time has plaintiff received any notice of debt from defendant as described in 15 U.S.C. §1692g.

20.     On information and belief, no such notice was sent to plaintiff.

## COUNT I  – FDCPA

21.     Plaintiff incorporates paragraphs 1-20.

22.     Defendant's telephone call on November 4, 2014 violated 15 U.S.C. §1692c.

23.     Section 1692c provides:

**§ 1692c.       Communication in connection with debt collection [Section 805 of P.L.]**

**(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

**(1)       at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location . . .**

24.     Defendant's failure to send a notice of debt to plaintiff  violated 15 U.S.C. §1692g.

25.     Section 1692g(a) provides:

**§ 1692g.       Validation of debts [Section 809 of P.L.]**

**Notice of debt; contents**

**(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1)      the amount of the debt;**

**(2)      the name of the creditor to whom the debt is owed;**

3

**(3)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4)      a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5)      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff  and against

defendant for:

        (a)      Statutory damages;

        (b)      Attorney's fees, litigation expenses and costs of suit;

        (c)      Such other and further relief as the Court deems proper.


        s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Rebecca A. Cohen
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

Danita Swain

5

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>/s/ Daniel A.Edelman</u>
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.


s/ Daniel A. Edelman
Daniel A. Edelman